BENJAMIN B. WAGNER
United States Attorney
MARILEE L. MILLER
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:14-mc-00087-MCE-EFB |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $63,176.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.      On January 15, 2014, agents with the Drug Enforcement Administration ("DEA") contacted Lian Chao Xiong ("Xiong"), at the Sacramento International Airport in Sacramento, California.  Approximately $63,176.00 in U.S. Currency ("defendant currency") was seized from Xiong during this encounter.

2.      The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about March 18, 2014, the DEA received a claim from Xiong asserting an ownership interest in the defendant currency.

3.      The United States represents that it could show at a forfeiture trial that on January 15, 2014, agents with the DEA received information regarding suspicious travel by Xiong, including the timing and manner of his ticket purchase.  Law enforcement

agents responded to the terminal and observed Xiong exit the flight and enter the transportation tram. The agents followed Xiong and made contact with him in the terminal. The deputies requested Xiong's permission to search his carry-on luggage. Xiong consented. Inside the carry-on luggage, deputies located a substantial amount of cash inside a manila envelope. The deputies escorted Xiong to an office in the airport, where DEA agents were waiting.

4.  The United States could further show at a forfeiture trial that once inside the room, law enforcement agents performed a search of Xiong's person and discovered stacks of cash in several of Xiong's pockets. Most of the stacks on Xiong's person were rubber banded in $1,000.00 increments. When asked, Xiong said he was carrying $20,000.00 but then changed his answer to $60,000.00. He said his brother-in-law had given him the money for the purchase of a house in Sacramento, but when asked to produce information about the house or real estate agent, he was unable to do so. A drug detection dog alerted to the smell of narcotics emanating from the defendant currency.

5.  The United States could further show at a forfeiture trial that Xiong has a criminal history that includes an arrest in 2013. The arrest came after DEA agents executed a search warrant on a crate Xiong had shipped from Sacramento, California to North Reading, Massachusetts. The crate contained sixty (60) pounds of marijuana and led to the arrest of Xiong and the seizure of various assets, including $19,600.00 in U.S. currency. The arrest and seizure came after a DEA investigation that revealed that individuals, including Xiong, were trafficking large amounts of marijuana from California to Massachusetts and Pennsylvania and transporting large amounts of cash back to the west coast, specifically Northern California.

6.  The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7.  Without admitting the truth of the factual assertions contained in the stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Xiong hereby

acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $36,010.00 of the Approximately $63,176.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $27,166.00 of the Approximately $63,176.00.00 in U.S. Currency shall be returned to claimant Lian Chao Xiong through his attorney Suzan Yee.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well

as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

Dated:  November 16, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT